IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALEX ADAMS #1181239 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv063 |
| WARDEN GARCIA, et al. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Alex Adams, a prisoner of the Texas Department of Justice (TDCJ) proceeding *pro se*, filed this section 1983 lawsuit in February 2022, without payment of the filing fee. Plaintiff's case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Federal law permits district courts to authorize a plaintiff to proceed without prepayment of the filing fee when he establishes that he "is unable to pay such fees or give security therefor" in light of all his assets. 28 U.S.C. § 1915(a)(1). Plaintiff submitted his application to proceed *in forma pauperis* (IFP), in which he swore under penalty of perjury that he was "unable to pay" the filing fee "because of [his] poverty." (Dkt. ##2, 5). He also acknowledged on the form that he had some funds in a prison trust fund account but did not state the total value of the fund. (*Id.* at 1.) Those omissions are particularly noteworthy in light of Plaintiff's extensive litigation experience by that date, and his obvious knowledge of the requirements to proceed IFP.[1] Plaintiff's trust account statement, dated March 24, 2022, established a balance of $1,033.29, and an average balance for the preceding six

---

[1] Plaintiff's previous cases in this court include: *Adams v. Davis*, No. 6:20-cv-00011; *Adams v. Lumpkin*, No. 6:21-cv-00196; *Adams v. Beusch*, No. 6:21-cv-00334; *Adams v. Garcia*, No. 6:22-cv-00021; *Adams v. Lumpkin*, No. 6:22-cv-00032; and *Adams v. Robinson*, No. 6:22-cv-00078. He has continued to file additional lawsuits since initiating this one. *See Adams v. Robinson*, No. 6:22-cv-00110; *Adams v. Lumpkin*, No. 6:22-cv-00111; *Adams v. Carvajal*, No. 6:22-cv-00165; and *Adams v. Director*, No. 6:22-cv-00177.

months of $2,419.09. (Dkt. #4). On April 18, 2022, the Court received a second copy of Plaintiff's trust account statement, dated April 13, 2022, reflecting a balance of $283.50. (Dkt. #5-1).

On April 21, 2022, the Court observed that Plaintiff's trust account information evidenced an ability to pay the $402 fee for this case and ordered him to pay the fee by May 31, 2022. (Dkt. #6). The Court expressly cautioned that failure to comply may result in dismissal. (*Id.* at 2.) Plaintiff received the Court's Order on May 2, 2022. (Dkt. #10). Plaintiff has not complied with that order.

Rather than paying the $402 filing fee, Plaintiff submitted a filing bearing the matter numbers of this and five other cases in this Court, titled "Motion for Appointment of Counsel Motion to Set Aside Judgement Notice of Appeel {sic} Objection to the finding and recommendation." (Dkt. #8.) In it, he says he no longer has the funds to pay his fees "so I can't comply with order to pay filing fee" and suggests that the Court must allow him to proceed IFP. (*Id.*) He does not suggest that he spent his funds on urgent necessities or otherwise explain why or how he dissipated thousands of dollars in a matter of weeks during which he was in the custody and care of the State of Texas.

Plaintiff's Notice of Appeal was docketed at the Fifth Circuit as USCA case number 22-40275. (Dkt. #8). On July 26, 2022, the Fifth Circuit dismissed Plaintiff's appeal for failure to prosecute. (Dkt. #13).

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."); Fed. R. Civ. P. 41(b). Here, Plaintiff failed to comply with the Court's order directing him to pay the filing fee.

Plaintiff's failure to pay the filing fee is more significant than other types of non-compliance might be. Part of the purpose of the Prison Litigation Reform Act is "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created

by liability for filing fees." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997), and *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996)). When a prisoner has the financial ability to pay a fee "and instead spends his money on amenities at the prison canteen, he cannot be excused" for failing to pay, and the failure "may result in the dismissal of a prisoner's civil action." *Id.*

Plaintiff's apparent willful evasion of the filing fee in this case by spending his significant resources on other things after filing suit does not entitle him to proceed IFP. "Filing occurs when the complaint is delivered to the district court clerk, *see New Boston Devel. Co. v. Toler*, 999 F.2d 140, 142 (6th Cir.1993), and the obligation to pay the filing fee arises at that time." *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002). Accordingly, when a district court considers whether an inmate may proceed IFP, "[t]he relevant inquiry is the state of the inmate's finances at the time of filing." *Miller v. Hardy*, 497 F. App'x 618, 620 (7th Cir. 2012) (citing *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997)). At some later date, an inmate's "current poverty would not authorize continuation of the [lawsuit], if he had the resources to comply with the statute at the time the Act called for payment." *Robbins*, 104 F.3d at 898. Thus, "an inmate litigant who spends his money on other things after filing a complaint may not proceed" without paying his fees as ordered by the court, and "an inmate who attempts to evade paying fees may forfeit the privilege of proceeding IFP so as not to profit from his deception." *Miller*, 497 F. App'x at 620–21.

Plaintiff filed this lawsuit in February 2022, when he had ample funds to pay the fee, but he failed at that time to disclose those funds and made a choice instead to spend his money on other things. That choice does not entitle him to proceed IFP, for reasons explained just last year by another district court:

> All litigants must make decisions about how to spend their money when they are contemplating litigation. "If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of time and effort." *Briand v. State of Fla.*, No. 4:06cv104-WS, 2006 WL 1890189, at *1

3

(N.D. Fla. July 10, 2006); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").

The Second Circuit has denied a motion to proceed *in forma pauperis* on appeal and affirmed the denial of the motion to proceed *in forma pauperis* in the district court and the dismissal of the district court case with prejudice where the inmate omitted from his application to proceed *in forma pauperis* $2,509.10 in deposits to his inmate account even though he was an experienced litigator familiar with the *in forma pauperis* process and did not "credibly explain or correct his declarations when given an opportunity to do so." *Vann v. Comm'r of N.Y. City Dep't of Correction*, 496 F. App'x 113, 115-16 (2d Cir. 2012).

[Other] [d]istrict courts also deny *in forma pauperis* status under similar circumstances. *See Waters v. King*, 11 Civ. 3267, 2012 WL 1889144, at *1 (S.D.N.Y. May 24, 2012) ("Given the totality of the circumstances in this case-including, but not limited to, Waters' deliberate attempt to conceal funds to qualify for IFP status in the first instance [by failing to disclose that he had deposited [$600.00] settlement payment received three weeks before filing IFP into credit union account rather than inmate account] and his blatantly false statements to the Court when confronted with the omission-dismissal under Section 1915(e)(2)(A) is justified."); *Vann v. Horn*, No. 10 CV 6777 PKC, 2011 WL 3501880, at *3-4 (S.D.N.Y. Aug. 9, 2011) (omission in application to proceed *in forma pauperis* of receipt of over $10,000.00 as a settlement payment and transfer of payment to relatives approximately three months prior to filing application constituted bad faith misrepresentation of assets and warranted dismissal of case with prejudice); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 468 (S.D.N.Y. 2004) (dismissing action with prejudice because plaintiff "created an illusion of poverty through a series of deceptive acts"; she deliberately concealed her finances and available assets in her motion to proceed *in forma pauperis* by directing attorneys to send $13,500.00 in settlement payments to her mother and by prohibiting deposits to her prison account in order "to convey the impression that she could not pay the filing fee"); *see also, Martin v. United States*, 317 F. App'x 869, 870-71 (11th Cir. 2008) (affirming denial of *in forma pauperis* application where district court found that prisoner had received $1,818 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation").

Crispin had sufficient funds to pay the filing fee in this case but chose to spend those funds on other things to render himself eligible for *in forma pauperis* status. This is not the proper use of the *in forma pauperis* statute. *See Vann*, 496 F. App'x 115 ("Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by 'weed[ing] out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth.'") (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam)).

*Crispin v. Anderson*, No. 3:21-CV-945 (KAD), 2021 WL 3206850, at *1–2 (D. Conn. July 19, 2021),

appeal dismissed (Nov. 30, 2021).

Another district court explained the same conclusion even more recently:

> Plaintiff does not deny that he had sufficient funds to pay the filing fee at the time he filed his *in forma pauperis* application. (*See generally id.*) He states, though, that he has spent the money and now currently has about $150. (*Id.* at 1.)
>
> As explained in [the court's] order to show cause, proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed *in forma pauperis*, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "'the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar,'" *Doe v. Educ. Enrichment Sys.*, No. 15-cv-2628-MMA-MDD, 2015 U.S. Dist. LEXIS 173063, *2 (S.D. Cal. 2015) (citation omitted). In addition, courts are entitled to consider plaintiffs' "economic choices about how to spend [their] money" when considering applications to proceed IFP. *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (citation omitted); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.")
>
> Plaintiff had adequate funds to pay the filing fee for this action when he filed his motion to proceed *in forma pauperis*, and he had significantly more than this amount as of July of this year. Plaintiff has not demonstrated that he spent the funds on "necessities" while he has been incarcerated, i.e., while his basic necessities have been covered by the State of California. *See Lumbert*, 827 F.2d at 260. Therefore, IFP status is not warranted.

*Ubina v. Onyeje*, No. 121CV01623SKOPC, 2021 WL 6118653, at *1 (E.D. Cal. Dec. 2, 2021), *report and recommendation adopted*, No. 121CV01623NONESKOPC, 2021 WL 6118083 (E.D. Cal. Dec. 27, 2021).

And finally, the Prison Litigation Reform Act requires the court to "dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Plaintiff's allegation of poverty at the time he filed this lawsuit (Dkt. #4) was clearly untrue. And since making that false allegation, he has delayed paying his filing fee for weeks while spending thousands of dollars on other things, while the TDCJ provides for his basic needs. Denial of IFP and dismissal are clearly warranted in this case.

Dismissal with prejudice for failure to prosecute or to comply with an order of the Court is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Plaintiff's false allegation of poverty and willful avoidance of the filing fee for this case, which have caused this case to linger for months on the Court's docket without progress, have a negative impact on the judicial process and continue to draw the court's attention from other cases. Although dismissal with prejudice would be severe for this circumstance, the undersigned concludes that some lesser consequence beyond simple dismissal without prejudice is warranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice as to the refiling of this case with full prepayment of the $402 filing fee, but with prejudice as to any attempt to refile IFP.

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff be denied leave to proceed without prepayment and that this case be dismissed, without prejudice as to refiling with contemporaneous prepayment of the full filing fee but with prejudice as to refiling IFP, due to Plaintiff's false allegation of poverty and for failure to pay the required filing fee and to prosecute this case.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from

*de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 2nd day of August, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE